## Beidel Estate

*Robert J. Yocum,* for petitioner.

JACOBS, J., January 3, 1958.—The First National Bank of Shippensburg, guardian of the estate of Judith Ann Beidel, a minor, has presented its petition asking to expend $500 from accumulated income of the estate of the minor for an automobile. The petition sets forth that the minor is 16 years of age and attends the Big Spring Area Joint School. Her estate consists of principal in the amount of $1,897.60, and accumulated income of $550.29. The reasons given for requesting permission to buy an automobile are that the automobile is needed in connection with the minor's attendance at school and also because of her participation in extracurricular school activities.

In paragraph 7 of the petition the guardian states that it is its belief that the expenditure of $500 for the purchase of an automobile is a proper expenditure and for the best interest and welfare of the minor, but that it believes that said expenditure is not within its discretionary power. Since income only is involved, we believe that this is a matter which should be determined by the guardian. Section 1084 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.1084, provides that: "All income received by a guardian of the estate of a minor, in the exercise of a reasonable discretion, may be expended in the care, maintenance and education of the minor without the necessity of court approval."

· It is, therefore, the task of the guardian in the performance of its duties to determine whether a proposed expenditure is necessary for the care, maintenance or education of the minor. The Court should not be asked to perform the guardian's function.

In making its decision the guardian should consider, among others, the following factors. The proposed expenditure is not shown to be necessary in order that the minor may use an automobile to maintain and support herself. It is obviously a luxury. The guardian should weigh the size of this estate and remember its duty to preserve the same for the care and maintenance of the minor. It would be well to keep in mind that the object of the requested expenditure might be the instrumentality of serious injury to the ward herself.

### Order

And now, January 3, 1958, at 9:40 a.m., the above petition is dismissed at the cost of the minor's estate.